

FILED
MAY 1 2 2023
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MARCI-LYNN LILLA and
ELLEN OCONNOR,

    Plaintiffs,

v.

PROGRESSIVE MARATHON INSURANCE
COMPANY, ESURANCE PROPERTY AND
CASUALTY INSURANCE COMPANY, TEJA
DIONDRA ROY DIAZ f/k/a Teja Diondra Roy, LUIS
TORRES, SR., and LUIS DANIEL TORRES DIAZ,

    Defendants.

Case No.: 2:22-cv-00398

*MEMORANDUM ORDER AND OPINION*

Before the Court is Marci-Linn Lilla and Ellen O'Connor's (collectively, "Plaintiffs") Motion to Remand ("Motion"), ECF No. 6, and Progressive Marathon Insurance Company's ("Progressive") Motion to Realign all named defendants as plaintiffs. ECF No. 8. Both motions have been fully briefed. ECF Nos. 6-13. Having reviewed both motions, this matter is now ripe for judicial determination. For the reasons stated below, Progressive's Motion to Realign is **GRANTED** and Plaintiffs' Motion to Remand is **DENIED**.

    I.    **FACTUAL AND PROCEDURAL HISTORY**

On April 20, 2022, Defendant Teja Diondra Roy Diaz ("Defendant Roy") was operating a vehicle that collided with Plaintiff Lilla's vehicle, in which Plaintiff O'Connor was a passenger. Compl., ECF No. 1 at Ex. A. Defendant Roy was driving a vehicle that was owned by Defendant Luis Daniel Torres Diaz ("Defendant Diaz"). *Id.* at ¶ 8. At that time, Defendant Diaz's vehicle was insured under an active automobile insurance policy issued by Defendant Progressive Marathon Insurance Company ("Progressive"), which is incorporated in Michigan, to Defendant Luis Torres,

Sr., ("Defendant Torres"), who is also a citizen of Michigan. *Id.* at ¶¶ 3, 7. Defendant Torres is Defendant Diaz's father. *Id.* at ¶ 15. The Progressive insurance policy provided underinsured motorist coverage for "covered autos" with a limit of $100,000/$250,000. *Id.* At the time of the accident, Plaintiff Lilla's vehicle was also insured under an insurance policy issued by Defendant Esurance Property and Casualty Insurance Company ("Esurance") with an uninsured motorist provision in the amount of $25,000/$50,000. *Id.* at ¶ 16. Plaintiffs suffered injuries from the aforementioned accident and their medical bills exceed the limits of Plaintiff Lilla's Esurance policy. *Id.* at ¶¶ 14, 17-18.

Plaintiffs submitted an accident claim to Progressive under the automobile policy issued to Defendant Torres. *Id.* at ¶ 19. However, Progressive denied Plaintiffs' claim and disclaimed any duty to defend or indemnify Defendant Roy, citing an alleged material misrepresentation made by Defendant Torres that voided the policy. *Id.* at ¶ 20. On August 15, 2022, Plaintiffs commenced this action in the Circuit Court for the City of Norfolk, alleging that Progressive wrongfully denied coverage to Defendant Roy for the April 20, 2022 accident. *See* Compl. Based on these allegations, Plaintiffs seek a declaratory judgment determining the rights and obligations of all parties and ordering Progressive to provide insurance coverage and a defense to Defendant Roy. *Id.*

On September 23, 2022, Progressive filed a Notice of Removal and the case was removed to this Court on diversity jurisdiction grounds, pursuant to U.S.C. 28 U.S.C. § 1332. ECF No. 1. In its Notice of Removal, Progressive asserted that removal was proper because Defendants Roy, Diaz, Torres, and Esurance (collectively the "Named Defendants") are nominal parties whose citizenship should not be considered for diversity jurisdiction or, in the alternative, should be realigned as plaintiffs to preserve complete diversity in this action. *Id.* On October 18, 2022, Plaintiff filed the Motion to Remand the action to state court, arguing that the parties are not diverse and Progressive does not have statutory authority to remove the action to federal court without the consent of the other defendants. Mot. to Remand, ECF No. 6; Mem. Supp. Mot. to Remand, ECF No. 7. In the

Motion to Remand, Plaintiff also seeks an award of attorney's fees and costs. *Id.* On November 1, 2022, Progressive responded in opposition to Plaintiff's remand motion and filed a separate Motion to Realign, seeking to realign the Named Defendants as plaintiffs in this case. Def.'s Mem. Opp., ECF No. 9; Def.'s Mot. to Realign, ECF No. 8; Mem. Supp. Def.'s Mot. to Realign, ECF No. 10. On November 7, 2022, Plaintiffs replied. ECF No. 11. On November 8, 2022, Plaintiffs responded in opposition to Progressive's Motion to Realign, arguing that realignment is procedurally improper under federal law given the facts in this case. ECF No. 12. On November 14, 2022, Progressive replied. ECF No. 13.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1332(a), the Court has original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a). Federal diversity jurisdiction under § 1332, "requires complete diversity among the parties, meaning the citizenship of each plaintiff must be different from the citizenship of each defendant." *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 170 (4th Cir. 2014) Additionally, "when diversity of citizenship is a basis of removal jurisdiction, it must exist both at the time the original action is filed in the state court and at the time the removal is sought." *Hubbard v. Tripp*, 611 F. Supp. 895, 896 (E.D. Va. 1985) (quoting 14A Charles Alan Wright et al., Federal Practice and Procedure. Jurisdiction 2d § 3723 (1985)) (internal quotation marks omitted). "For purposes of diversity jurisdiction, 'a corporation shall be deemed to be a citizen of every State ... by which it has been incorporated and of the State ... where it has its principal place of business.'" *Hoschar*, 739 F.3d at 170 (quoting 28 U.S.C. § 1332(c)(1)).

## III. DISCUSSION

As the removing party, Progressive has the burden of establishing that the requirements of removal are met. *See In re Blackwater Security Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006). One of the requirements of removal is that any removed action must be subject to the original

3

jurisdiction of the district court. 28 U.S.C. § 1441(a). Because Progressive removed under the diversity statute, 28 U.S.C. § 1332, it must show that (1) the amount in controversy exceeds $75,000, and (2) "complete" diversity exists among the parties. *Id.* § 1332(a); *Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

There is no dispute that the amount in controversy requirement is met. The Complaint seeks a declaratory judgment compelling Progressive to provide insurance coverage for damages in excess of $100,000. Notice of Removal ¶ 12. However, the action does not satisfy the complete diversity requirement because Plaintiffs and Defendant Roy and Diaz are citizens of Virginia, defeating diversity jurisdiction on its face. Notice of Removal ¶¶ 8-11, 14. In addition, Defendants Esurance, Ms. Diaz, Mr. Diaz, and Mr. Torres (collectively, "Named Defendants") did not join the notice of removal. *Id.* Notwithstanding the above, Progressive argues that the Court should ignore the citizenship of the Named Defendants when assessing diversity jurisdiction because (a) Defendants Roy and Diaz may be realigned as plaintiffs to preserve complete diversity, or in the alternative, (b) be considered nominal parties.

### A. Realignment

The court has the duty "to look beyond the pleadings and arrange the parties according to their sides in the dispute." *City of Indianapolis v. Chase Nat. Bank of City of New York*, 314 U.S. 63, 69 (1941) (quotations omitted). A court may realign parties even where the action is not diverse when it is removed. *See Lott v. Scottsdale Ins. Co.*, 811 F. Supp. 2d 1220, 1223 (E.D. Va. 2011) ("[W]here, as here, there is no diversity of citizenship based on the initial alignment of the parties in an action commenced in state court, a defendant may nonetheless remove the case to federal court and request realignment of the parties to produce the requisite diversity."). Under the "principal purpose" test, the court must: (1) determine the primary issue in the controversy and align the parties with respect to this primary issue then (2) "[i]f the alignment differs from that in the complaint, the court must determine whether complete diversity continues to exist." *United States Fid. & Guar. Co.*

*v. A & S Mfg. Co.*, 48 F.3d 131, 133 (4th Cir.1995); *see Hildebrand v. Lewis*, 281 F.Supp.2d 837, 844 (E.D. Va. 2003). The Fourth Circuit has further clarified that the "primary and controlling" factor is based on the plaintiff's principal purpose for filing its suit. *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 337 (4th Cir. 2008).

Under the principal purpose test, the Named Defendants must be properly aligned as plaintiffs. The primary issue in this declaratory judgment action is whether Progressive has a duty to defend and indemnify Defendant Roy for the personal injury claims raised by Plaintiffs. Compl. at ¶ 24. On this issue, the interests of the Named Defendants are more closely aligned with the Plaintiffs than with Progressive. *See Palmer v. Nationwide Property and Casualty Ins. Co.*, 2019 WL 11270437 at *2 (E.D. Va. Nov. 19, 2019) (explaining that in a declaratory relief action requesting judicial determination of an insurer's duties under an insurance policy the primary issue presented in the pleadings is the dispute regarding the insurer's duty to defend and indemnify) (citations omitted). In contrast, Progressive is the only defendant with an interest in proving that it has no duty to provide coverage in the underlying suit. Several other courts have reached similar conclusions under the circumstances. *See U.S. Fid. & Guar. Co.*, 48 F.3d at 134 (aligning parties based on the insurers' "primary goal of avoiding obligations"); *Lott*, 811 F. Supp. at 1220-23 (realigning parties in declaratory judgment action over denial of insurance coverage so that injured party and insured were plaintiffs and the insurance company was a defendant); *see also Home Ins. Co. of Ill. v. Adco Oil Co.*, 154 F.3d 739, 741 (7th Cir. 1998) ("[T]he normal alignment of parties in a suit seeking a declaratory judgment of non-coverage is Insurer versus Insured and Injured Party."); *Evanston Ins. Co. v. Hous. Auth. of Somerset*, 867 F.3d 653, 656 (6th Cir. 2017) (same); *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1314 (11th Cir. 2012) (same). Therefore, the Court **GRANTS** Progressive's motion and realigns Defendants Roy, Diaz, Torres, and Esurance as plaintiffs.

**B. Motion to Remand**

Notwithstanding the above, Plaintiffs argue that even after realignment the case must be remanded because Defendant Torres and Progressive are both citizens of Michigan. ECF No. 11 at 2 – 4, ECF No. 12. In response, Progressive argues that the Named Defendants are nominal parties whose citizenship should be disregarded to preserve complete diversity. ECF Nos. 10, 13. A nominal party lacks a "palpable interest in the outcome of a case" and need not consent to removal. *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 259-60 (4th Cir. 2013) (explaining that a nominal party has "no immediately apparent stake in the litigation either prior or subsequent to the act of removal"). When determining nominal party status, district courts are directed to focus on the particular facts and circumstances of a case.

In reviewing the particular facts and circumstances of this case, the Court finds that Defendants Torres and Diaz are nominal parties. Defendants Torres and Diaz have no "personal stake" in the outcome of this action, and Plaintiffs have not requested any relief from either defendant. While Defendant Roy is depending on the outcome of the instant action for insurance coverage, Defendants Torres' interests remain fully protected even if the Court determines that Progressive is not required to provide coverage. In addition, the Court does not find Defendant Diaz to be a real party of interest in this case. Beyond owning the vehicle operated by Defendant Roy on the date of the accident, Plaintiffs have not asserted any claim for relief against Defendant Diaz and the outcome of this action does not appear to impact her in any way. Therefore, the Court disregards their lack of consent to removal and Defendant Torres' non-diverse citizenship in reviewing this Court's jurisdiction. Accordingly, there is complete diversity among the parties.

For the same reasons, the Court finds Defendant Roy and Esurance to be necessary parties to this action. The circumstances in this case indicate that both Defendant Roy and Esurance have, at the very least, a palpable interest in the litigation given their financial exposure if Progressive is not required to defend and indemnify Defendant Roy. Although Plaintiff's Complaint does not seek relief from Defendant Roy or Esurance, Plaintiffs note that Defendant Roy's financial and legal

6

exposure will increase if Progressive is not ordered to provide insurance coverage for the underlying action because Defendant Esurance maintains the right of subrogation against Defendant Roy for any coverage they provide for Plaintiffs' injuries. Given this, the Court finds that neither Defendant Roy nor Esurance are nominal parties.

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion to Realign is **GRANTED**. ECF No. 8. All of the defendants, with the exception of Progressive, are realigned as Plaintiffs, and Plaintiff's Motion to Remand is **DENIED**. ECF No. 6. Plaintiff's request for attorney's fees and costs is also **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to the parties and all counsel of record.

**IT IS SO ORDERED.**

Norfolk, Virginia
May ___, 2023

Raymond A. Jackson
United States District Judge